UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMIT SHARMA, an individual,

        Plaintiff,

   v.

MAPFRE INSURANCE COMPANY, a corporation,

        Defendant.

No. 2:18-CV-02030-KJM-KJN

ORDER

This matter is before the court on plaintiff's motion to remand this case to the Superior Court of California, County of Sacramento. Pl.'s Mot. at 5, ECF No. 7-2. Plaintiff also seeks attorneys' fees to recover costs for removal. *Id.* at 9. Defendant opposes, and requests recovery of fees. Opp'n at 1, ECF No. 9. As explained below, the court GRANTS plaintiff's motion to remand, and DENIES the request for attorneys' fees.

I.    BACKGROUND

    A.    Procedural and Factual History

Plaintiff Amit Sharma filed this action in Sacramento County Superior Court on May 3, 2018. Compl., ECF No. 1-1. The original complaint alleged a breach of good faith and fair dealing under an auto insurance policy, and sought general and punitive damages and attorneys' fees. *Id.* at ¶¶ 5-10. The complaint, however, did not allege any specific amount of

1

monetary damages in the prayer for relief. *Id.* at 7. On July 24, 2018, defendant sought to stipulate to the damages amount. Marinez Decl. ¶ 3, ECF 9-1. Plaintiff declined to stipulate to an amount less than $75,000. Pl.'s Mot. at 5.

On July 25, 2018, defendant removed to this court on the basis of diversity jurisdiction. Notice of Removal (NOR) ¶ 5, ECF No. 1. Defendant alleges that plaintiff's prayer for relief, coupled with plaintiff's refusal to stipulate to damages less than $75,000, "compels the conclusion" that the amount in controversy is met. *Id.* ¶¶ 8-9. On August 10, 2018, plaintiff moved to remand, contending the court lacks subject matter jurisdiction because the amount in controversy is "well below $30,000." Pl.'s Mot. at 5. Defendant opposed, Opp'n at 1, and plaintiff has replied, Reply, ECF No. 12.

B.     Request for Judicial Notice

Plaintiff asks the court to take judicial notice of two online listings of a vehicle similar to the one covered in the insurance policy. Req. Judicial Notice (RJN) at 2 & Exs. 1, 2, ECF No. 7-3. Courts regularly take judicial notice where appropriate in deciding remand motions. *See, e.g.*, *Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 941 (C.D. Cal. 2014) ("A court can consider evidence in deciding a remand motion, including documents that can be judicially noticed."); *cf. Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) ("Evidence establishing [that] the amount" in controversy "exceeds the jurisdictional threshold" is required "when the plaintiff contests, or the court questions, the defendant's allegation."). The court will consider each document as appropriate, without making arguments or combing the record for noticeable facts. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). To the extent the court below relies on any properly noticeable information covered by plaintiff's request for judicial notice, the request is GRANTED.

II.    LEGAL STANDARD

When a state court action is one over which "the district courts of the United States have original jurisdiction," a defendant may remove it to federal court. 28 U.S.C. § 1441(a). A federal district court "shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States. . . ." 28 U.S.C. § 1332(a).

A defendant's initial burden of proof as to the amount in controversy for removal purposes is minimal: "A defendant seeking to remove a case from state to federal court must file in the federal court a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee*, 135 S. Ct. at 549 (quoting 28 U.S.C. § 1446(a)). The notice of removal "need not contain evidentiary submissions": A defendant's "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" can suffice. *Id.* at 551, 554. But when "a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. The parties may submit evidence outside the complaint, including affidavits or declarations or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citation omitted). When the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and the underlying assumptions must be reasonable, and not constitute mere speculation and conjecture. *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197-99 (9th Cir. 2015).

The Ninth Circuit strictly construes the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The "strong presumption" against removal jurisdiction means that the defendant always has the burden to establish removal is proper. *Id.* A court must reject federal jurisdiction if there is any doubt as to the right of removal in the first instance. *Id.* After removal, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)," 28 U.S.C. § 1447(c), as the motion here has.

III. DISCUSSION

    A. Amount in Controversy

As explained below, the amount in controversy requirement is not satisfied; thus, the court lacks diversity jurisdiction. Diversity jurisdiction is proper only where the amount in controversy exceeds $75,000 and the parties are completely diverse in their citizenship. 28 U.S.C. § 1332. "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC.*, 840 F.3d 606, 613-14 (9th Cir. 2016). The operative complaint does not allege any amount in controversy. Thus, defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. Defendant argues that plaintiff's possible recovery coupled with plaintiff's refusal to stipulate to damages lower than $75,000, compels a "finding that the amount in controversy has been met." Opp'n at 6. Defendant provides no supporting evidence of an amount of possible recovery. *See generally* Opp'n; Marinez Decl. Plaintiff contends the total amount in controversy, including contract benefits, punitive damages, and attorneys' fees, is "well below $30,000." Pl.s' Mot. at 5. Plaintiff arrives at the figure on the basis of the value of the car in the contract dispute, and the likely punitive damages award based upon similar cases. *Id.* at 4.

    Here, with no supporting evidence, the court cannot reasonably rely on defendant's speculation regarding plaintiff's possible recovery through contract benefits, attorneys' fees, and punitive damages. *See Ibarra*, 775 F.3d at 1197-99. And because defendant has not provided an adequate basis for determining the amount-in-controversy requirement, the court need not consider here any inference that might be drawn from plaintiff's refusal to stipulate that damages are less than $75,000. Rather, plaintiff's factual allegations, coupled with the evidence the court takes notice of, provide a reliable basis to determine the amount in controversy. Plaintiff has properly shown by a preponderance of the evidence that the amount in dispute is "well below $30,000," and therefore less than the jurisdictional amount of $75,000 necessary for the court to assert subject matter jurisdiction. Pl.'s Mot. at 5; RJN at 2 & Exs. 1, 2.

The court also need not reach the question of complete diversity because the amount in controversy requirement has not been satisfied.

The court GRANTS plaintiff's motion to remand because the court does not have diversity jurisdiction over the case.

B. <u>Limited Discovery Request</u>

The Ninth Circuit has observed that it may be appropriate to conduct limited discovery relevant to jurisdiction before ruling on a motion to remand. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 691 (9th Cir. 2006). Limited discovery should ordinarily be granted where "pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Butcher's Union Local No. 498, United Food & Comm'l Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986) (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).

Defendant asks the court "to reserve ruling on the Motion to Remand" for limited discovery on the issue of damages, or in the case of remand, an order to the state court "that the maximum amount of damages" plaintiff may recover is limited to $75,000. Opp'n at 2. Plaintiff contends that the court "should reject a delay to permit" limited discovery because doing so is improper in cases of "tactical removal" by defendant. Reply at 11. Plaintiff further contends that the court "lacks the power to remand with directions to the state court" to limit damages by order. *Id.* As addressed above, defendant has not provided a sufficient showing of pertinent facts bearing on the question of jurisdiction to support limited discovery prior to the court's ruling on the motion to remand, therefore defendant's request is denied.

C. <u>Costs of Removal</u>

Courts have discretion to award attorneys' fees when considering motions to remand under 28 U.S.C. § 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). A court may award fees to plaintiffs even absent a finding of bad faith. *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). At the same time, courts may award attorneys' fees under the fee provision of the removal statute only where the removing party lacked an objectively reasonable basis for seeking removal; conversely, when an objectively

reasonable basis exists, fees should be denied. *Martin*, 546 U.S. at 139. Removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorneys' fees would always be awarded whenever remand is granted. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Plaintiff requests their costs and attorneys' fees incurred due to defendant's removal, arguing defendant had no "objectively reasonable basis for removal." Pl.'s Mot. at 5. Defendant contends the "petition for removal was appropriate and filed in good faith" in light of plaintiff's refusal to "identify or commit the amount of damages he is seeking in this matter." Opp'n at 7. An award of attorneys' fees is not warranted here. Given that the complaint does not allege any specific amount of recovery, it was not implausible for defendant to contend the amount in controversy exceeded $75,000, particularly after plaintiff declined to stipulate to the contrary. Plaintiff's request for attorneys' fees is DENIED.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the court GRANTS plaintiff's motion to remand and DENIES plaintiff's request for attorneys' fees and costs. This action is remanded to the Sacramento County Superior Court.

IT IS SO ORDERED.

DATED: October 31, 2018.

_____
UNITED STATES DISTRICT JUDGE